IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMANDA R. JAMAR,          )
                          )
        Plaintiff,        )
                          )
    v.                    )   Civil Action No. 15-212-E
                          )
                          )
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
                          )
        Defendant.        )

O R D E R

AND NOW, this 14th day of September, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues essentially that the Administrative Law Judge ("ALJ") erred by failing to provide Plaintiff with a full and fair hearing because of the ALJ's alleged bias. The Court disagrees and finds that Plaintiff has not shown the existence of bias on the part of the ALJ, and that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on the evidence presented, of Plaintiff's non-disability.

The regulations provide that "'[a]n administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision.'" Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995) (quoting 20 C.F.R. §§ 404.940, 416.1440 (1994)). Additionally, the plaintiff "must bring any objections to the attention of the ALJ, and the ALJ shall decide whether to continue the hearing or withdraw." Id. Moreover, if the ALJ considers the plaintiff's objections and decides not to withdraw, the plaintiff "may present objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another ALJ." Id. Thus, the procedures provide that Plaintiff's representative here should have, at the administrative hearing, "alleged that the ALJ was prejudiced and requested that he disqualify himself." Id. That, however, did not occur. While Plaintiff could be deemed to have waived a bias claim by failing to raise it in the manner specified in the regulations, the Court finds, regardless, that no valid bias claim exists here. See Hummel v. Heckler, 736 F.2d 91, 94 (3d Cir. 1984); see also Ventura, 55 F.3d at 902 (noting that, by raising the bias issue at the administrative hearing, the plaintiff in that case abided by the procedures set forth in the regulations regarding disqualification of ALJs).

Additionally, although due process requires that a claimant be afforded a full and fair hearing, the court presumes "that the hearing officers are . . . unbiased." Schweiker v. McClure, 456 U.S. 188, 195 (1982). That presumption is overcome only if it is shown that the ALJ displayed "deep-seated and unequivocal antagonism" that is "so extreme" that fair judgment is impossible. Liteky v. United States, 510 U.S. 540, 551, 556 (1994). Moreover, the burden to show the existence of such bias rests with the party asserting that bias. See Schweiker v. McClure, 456 U.S. at 196.

In this case, Plaintiff contends that the ALJ's abrasive and offensive conduct led to the ALJ attacking Plaintiff's attorney and discouraging Plaintiff from testifying as to her limitations. Upon review of the record, however, the Court finds, first, that the ALJ did not "attack" Plaintiff's counsel about missing treatment records. Instead, the ALJ inquired at the end of the hearing, after Plaintiff had left the room, about the possible existence of records from Corry Counseling which had been referred to during the hearing but which did not appear anywhere in the record. The ALJ pointed out that he had asked counsel at the beginning of the hearing whether the record was complete and counsel had replied in the affirmative, but at the end of the

hearing when he was questioned by the ALJ about the records, counsel replied that he meant to ask for more time to acquire such records. Regardless, the ALJ noted in his decision that, despite Plaintiff's counsel's earlier representations, the ALJ had held the record open for 30 days after the hearing, Plaintiff's counsel had submitted the missing records, and those documents had been added to the record and had been considered in reaching the decision. (R. 21). These facts provide no indication of bias on the part of the ALJ. See Roberson v. Colvin, 2014 WL 4258306, at *5 (W.D. Pa. Aug. 26, 2014) ("There is no indication that the ALJ failed to fully develop the record, that he interfered with the introduction of evidence concerning plaintiff's claim or that he made any comments that show he was biased against plaintiff or his particular case.").

Second, Plaintiff argues that the ALJ "discouraged [Plaintiff] from fully testifying as to her physical and mental limitations." (Doc. No. 10, at 14). Such a claim implies that the ALJ placed limitations on Plaintiff's attorney regarding questioning and administrative hearing time, and that perhaps this resulted in the ALJ failing to develop the record fully and fairly because Plaintiff's attorney could not bring out all the facts and testimony that he wished to present. Upon review of the transcript, however, the Court notes that, after the hearing was concluded and after Plaintiff had been excused from the room, the ALJ did warn Plaintiff's attorney about the dangers of "piling on" testimony that was not supported by the record, but the ALJ in no way limited Plaintiff's counsel in his questioning. In fact, in making this comment, the ALJ was specifically referring to various bits of testimony that Plaintiff's counsel had elicited, but which were not supported in the record, and which presumably could have affected Plaintiff's credibility. Moreover, as noted, supra, the ALJ provided additional time for Plaintiff's counsel to submit additional records after the hearing ended, the ALJ let Plaintiff's counsel know that he could have additional time to submit records if he needed it, and the ALJ said that he would be glad to help Plaintiff's counsel obtain additional records if anyone was uncooperative in providing them. Finally, the Court notes that the ALJ's questioning of, and treatment of, Plaintiff herself was quite patient and respectful.

Thus, rather than displaying anything remotely akin to "deep-seated favoritism or antagonism that would make fair judgment impossible" regarding Plaintiff's case, the Court finds that the ALJ's comments to Plaintiff's attorney were merely advisory in nature, indicating how he was likely to consider such evidence in making his ultimate determination, and do not indicate bias on his part. Liteky v. United States, 510 U.S. 540, 554 (1994). As the Third Circuit explains, "[t]he right to an unbiased ALJ is particularly important because of the active role played by ALJs in social security cases" in which they "have a duty to develop a full and fair record." Ventura v. Shalala, 55 F.3d at 902. Thus, in fulfilling that duty, "an ALJ must secure relevant information regarding a claimant's entitlement to social security benefits," and the Court finds here that the comments addressed to Plaintiff's attorney simply do not demonstrate bias on the part of the ALJ. Id.; see also Valenti v. Comm'r of Soc. Sec., 373 Fed. Appx. 255, 258 (3d Cir. 2010) (finding that the plaintiff had not identified any evidence indicating bias or misconduct by the ALJ, unlike in Ventura, where the ALJ "had engaged in

3

coercive, intimidating, and irrelevant questioning of the claimant and had improperly interfered with the claimant's attempt to introduce evidence establishing disability"). Thus, the Court finds that Plaintiff has not shown bias on the part of the ALJ, nor that he in any way prevented Plaintiff's attorney from fully developing the record in this case.

Additionally, Plaintiff contends that the ALJ should have considered her misunderstanding of her diagnoses—presumably her comment that she had been diagnosed at some point with MS—as evidence of her mental health problems. The Court notes that the ALJ included a detailed analysis of the evidence of record regarding Plaintiff's mental and physical health in his decision, and he ultimately found that the "significant and debilitating physical and mental limitations" that she alleged were "not supported by the objective findings on examination, or [Plaintiff's] presentation during those examinations" and that they could not be found entirely credible. (R. 36). The ALJ also concluded that "the nature of her treatment for both physical and mental impairments has been routine and conservative and not reflective of the level of limitation subjectively alleged." (R. 36-37). Finally, the ALJ noted that no medical provider opined to limitations more restrictive than those in his RFC, and that his RFC adequately accommodates the limitations reflected in the statements and examinations of the various medical care providers contained in the record. (R. 37). Thus, Plaintiff's misstatement that she had been diagnosed with MS—when there was no such diagnosis apparent in the record—is not sufficient to negate the ALJ's well-reasoned analysis which takes into consideration the lack of evidence supporting Plaintiff's alleged mental and physical health problems beyond her subjective complaints. See Stewart v. Astrue, 2014 WL 29035, at *1 n.1 (W.D. Pa. Jan. 2, 2014). Additionally, although Plaintiff notes a possible claim that her misunderstanding as to her diagnosis indicated that the ALJ should have considered her combined impairments differently at step three of the sequential analysis, Plaintiff does not further explain such argument, and the court notes that the ALJ's decision included a detailed analysis of why Plaintiff did not have "an impairment or combination of impairments" that met one of the listings. (R. 26).

Finally, Plaintiff asserts that the ALJ improperly "speculated" as to the opinion of Dr. Balmer regarding Plaintiff's physical condition. Specifically, one of Dr. Balmer's treatment notes explained that Plaintiff had "[a]pplied for job at Berkey's hasn't heard back" [sic]. (R. 447). At the hearing, in the context of whether Plaintiff had applied for a number of jobs over the years, the ALJ asked Plaintiff about that note. In fact, certain doctors' notes in the record indicated that Plaintiff had applied for a number of jobs, in contradiction to Plaintiff's testimony that she had not. When the ALJ asked Plaintiff about that note, she responded that she had told Dr. Balmer's office that she would like to work, and that "Dr. Balmer told me that I could go down to [Berkey's]. That they were hiring." (R. 53). Plaintiff now argues that the ALJ improperly used the comment in Dr. Balmer's treatment note to conclude that Dr. Balmer was of the opinion that Plaintiff was able to work. In reviewing the ALJ's decision, however, the Court concludes that the ALJ considered that note, along with the testimony he elicited from Plaintiff, in his discussion of "significant inconsistencies between the subjectively reported

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

information and the information contained in the medical record." (R. 27). Additionally, the ALJ included consideration of this note, and Plaintiff's testimony explaining that note, in relation to his discussion of Plaintiff's treatment history with Dr. Balmer and the treatment records from Dr. Balmer overall. Accordingly, the ALJ explained that, even if he were to accept Plaintiff's explanation that, although Dr. Balmer told her that Berkey's was hiring, she never actually put in an application—and that the treatment note was wrong—then such a note still seems to indicate, quite simply, that Dr. Balmer did not feel that Plaintiff was unable to seek or sustain employment. Moreover, the ALJ also found it significant that Dr. Balmer had commented in his notes that Plaintiff generally displayed comfort and cooperation during examinations, and that she was "alert and oriented with an appropriate affect, clear and fluent speech, intact language processing, coherent and logical thought processes, intact associative thinking, and perhaps most significantly, with normal attention span and concentration with realistic judgment and appropriate insight." (R. 27). Finally, the ALJ also noted that overall Dr. Balmer "included relatively unremarkable mental status examinations, which frequently reference no significant difficulties in the claimant's presentation, interaction during examination, attention or concentration." (R. 28). Therefore, the ALJ's comment at issue was only one of many factors considered in his discussion of inconsistencies in the record, his consideration of whether Plaintiff's limitations are as severe as she alleges, and his analysis of Dr. Balmer's treatment of Plaintiff. This comment and Plaintiff's related testimony were considered, along with a great deal of other evidence, and his mention of that treatment note does not demonstrate bias or improper speculation.

In sum, the Court finds that Plaintiff has not shown the existence of bias on the part of the ALJ, nor did the ALJ improperly consider or speculate in weighing the evidence. Accordingly, the Court affirms.